1  Howard M. Ehrenberg (CA Bar No. 125527)
    hehrenberg@sulmeyerlaw.com
2  Marcus A. Tompkins (CA Bar No. 190922)
    mtompkins@sulmeyerlaw.com
3  **Sulmeyer**Kupetz
    A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
    Los Angeles, California  90071-1406
5  Telephone: 213.626.2311
    Facsimile: 213.629.4520
6
    Attorneys for Elissa D. Miller, Chapter 7
7  Trustee

8                  **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10

11  In re                                      CASE NO. 2:07-bk-15062-VZ

12  YI RU JENNIFER PAI, aka Jennifer Pai,      Chapter 7
    fka Yi Ru Chao, f/a/w International of
13  Jennifer Jewelry Corporation, f/a/w Star   **TRUSTEE'S LIMITED OPPOSITION TO**
    Jennifer of America,                       **FINAL FEE APPLICATIONS OF:**
14                                             **1)  STEVEN A. SCHWABER OF THE**
                                               **    LAW OFFICES OF STEVEN A.**
15                 Debtor.                     **    SCHWABER;**
                                               **2)  LAW OFFICES OF DAVID A. TILEM;**
16  SSN # XXX-XX-7918                          **    &**
                                               **3)  CHANG MATTERN LLP**
17
                                               DATE:    May 29, 2008
18                                             TIME:    1:30 p.m.
                                               PLACE:   U.S. Bankruptcy Court
19                                                      Courtroom 1368
                                                        255 East Temple Street
20                                                      Los Angeles, CA 90012

21

22          Elissa D. Miller, the duly appointed and acting Chapter 7 trustee of the bankruptcy

23  estate of the above-captioned debtor (the "Trustee"), hereby opposes, on a limited basis,

24  (1) the Application for Payment of Final Fees and/or Expenses filed by Steven A.

25  Schwaber of the Law Offices of Steven A. Schwaber ("Schwaber"); (2) the Application for

26  Payment of Final Fees and/or Expenses filed by the Law Offices of David A. Tilem

27  ("Tilem"), and (3) the Final Application for Allowance of Fees and Reimbursement of

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Expenses filed by Chang Mattern LLP ("Chang").  Chang, Tilem, and Schwaber shall

2  collectively be referred to herein as the "Ch. 11 Professionals."

3

4  I.    **SUMMARY OF THIS OPPOSITION**

5       On June 18, 2007 (the "Petition Date"), Yi Ru Jennifer Pai (the "Debtor") filed a

6  Chapter 11 petition, commencing the instant bankruptcy case.  The Debtor retained the

7  Ch. 11 Professionals to represent her as a Chapter 11 debtor in possession, prior to

8  appointment of the Trustee, which appointment was approved by Court order entered on

9  December 28, 2008.  The Trustee does not oppose allowance of the fees and expenses

10 sought by the Ch. 11 Professionals from the periods for which their employment was

11 authorized by the Court.  However, the Trustee opposes allowance of fees incurred

12 outside of such periods.  The Trustee also requests that any unused portion of retainers

13 held by the Ch. 11 Professionals be returned to the Trustee as the current representative

14 of the estate (not to the Debtor, who is no longer in possession of the estate).  Lastly, the

15 Trustee opposes payment of any allowed fees at this stage of the case.

16

17 II.   **STEVEN A. SCHWABER**

18      The Court authorized the Debtor to employ Schwaber as general bankruptcy

19 counsel effective as of the Petition Date (June 18, 2007).[1]  Schwaber subsequently

20 withdrew as the Debtor's attorney, effective November 23, 2007, pursuant to an order of

21 the Court.[2]  Thus, Schwaber's employment was authorized in this bankruptcy case from

22 June 18, 2007, through November 23, 2007 (the "Schwaber Period").  However,

23 Schwaber seeks fees for services performed outside of this period.

24

25  _____

26 [1]  See **Exhibit 1** attached hereto.

27 [2]  See **Exhibit 2** attached hereto.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    Specifically, Schwaber seeks a total of $5,907.50 for services performed before

2  the Petition Date.[3]  Schwaber also seeks reimbursement of a $1,039.00 expense

3  incurred on the Petition Date, which he describes as a "prepetition" expense.[4]  Such

4  prepetition fees and expenses should not be paid with estate funds, and should therefore

5  not be allowed against the estate.

6    Schwaber also seeks a total of $4,590.00 in fees and $5.00 in expenses for

7  periods after the Schwaber Period (from December 18, 2007, through May 29, 2008, the

8  date of the hearing on Schwaber's Fee Application).[5]  Trustee objects to $892.50 of such

9  fees, and the $5.00 in expenses, which do not relate to preparation of Schwaber's Fee

10  Application.

11

12  **III.    LAW OFFICES OF DAVID A. TILEM**

13    Tilem replaced Schwaber as the Debtor's general bankruptcy counsel.  The Court

14  authorized the Debtor to employ Tilem "for the period commencing December 3, 2007

15  and ending December 27, 2007" (the "Tilem Period"), the day before the Trustee's

16  appointment was approved by the Court.[6]  However, Tilem seeks fees for services

17  performed outside of this period.  Specifically, Tilem seeks a total of $1,440.00 for

18  services performed before the Tilem Period.[7]  Such fees should not be paid with estate

19  funds, and should therefore not be allowed against the estate.[8]

20

21  _____

22  [3]  See Schwaber's Fee Application at p. 9, and Exhibit 4, pp. 1-2.

     [4]  See Schwaber's Fee Application, at Exhibit 7, under "Expense Report – Prepetition."

23  [5]  See Schwaber's Fee Application at Exhibit 4, pp. 17-18 (fees incurred from 12/18/2207
24  to 5/29/2008), and Exhibit 7, under "Expense Report by Date," at p. 9 (expense incurred
     on 12/18/2007).

25  [6]  See **Exhibit 3** attached hereto.

26  [7]  See Tilem's Fee Application at Exhibit F, p. 59.

27  [8]  Tilem also seeks a total of $1,080.00 in fees for periods that were incurred both after
     the Tilem Period and after the Trustee's appointment was approved by the Court.  See
28  (footnote continued)

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  IV.   **CHANG MATTERN LLP**

2       Chang's Fee Application states that Chang received a post-petition retainer of

3  $13,000.  Chang seeks to use $11,220.00 of the retainer to pay its fees, and to refund the

4  balance ($1,047.69) to the Debtor.  However, the Trustee objects to the return of the

5  unused retainer to the Debtor on the ground that such funds constitute property of the

6  estate, and should therefore be turned over to the Trustee as the estate's current

7  representative.

8       According to the Debtor's Amended Application to employ Chang, which was filed

9  on November 26, 2007, the funds tendered as a retainer were provided to Chang post-

10  petition, during the Chapter 11 case, from the Debtor (either directly from her debtor-in-

11  possession account or though her friend, who gave certain funds to or on behalf of the

12  Debtor, as a gift to the Debtor).  Such funds constitute property of the estate under

13  section 541(a)(1) (to the extent the funds were held by the Debtor as of the Petition Date)

14  and/or section 541(a)(7) (to the extent the funds were acquired by the Debtor post-

15  petition).  Accordingly, any portion of Chang's retainer not used to pay Chang's fees

16  and/or expenses should be returned to the estate's current representative, i.e. the

17  Trustee, not to the Debtor, who is no longer in possession of the estate.

18

19  V.    **ALL FEE APPLICATIONS**

20       Although the Trustee has liquidated one asset in this case (real property), the

21  Trustee is currently in the process of administering additional assets, and the case is far

22  from over.  Furthermore, the administrative claims of the Trustee and her professionals

23  will have priority over the administrative claims of the Ch. 11 Professionals.  Since the

24  amount of total assets and the amount of Chapter 7 administrative claims in this case has

25  yet to be determined, the amount of funds that will ultimately be available to pay the Ch.

26  _____

27  Tilem's Fee Application at Exhibit F, p. 61.  However, Trustee does not object to these
    fees since they relate to preparation of Tilem's Fee Application.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  11 Professionals is currently unknown.  Accordingly, payment to the Ch. 11 Professionals

2  at this time would be premature.  Trustee therefore requests that the Court prohibit

3  payment of any fees allowed to the Ch. 11 Professionals until the conclusion of the case

4  (i.e. after the Trustee has liquidated all assets and the Court has determined final

5  Chapter 7 administrative claims in this case).

6

7  **VI.    CONCLUSION**

8        For the reasons set forth above, the Trustee respectfully requests that the Court

9  enter an order:

10       1.    Disallowing the following fees and expenses requested by Schwaber:

11             a.    Fees incurred prepetition:  $5,907.50

12             b.    Expenses incurred prepetiton:  $1,039.00

13             c.    Fees incurred after the Schwaber Period unrelated to Fee

14                   Application:  $892.50

15             d.    Expenses incurred after the Schwaber Period unrelated to Fee

16                   Application:  $5.00

17       2.    Disallowing $1,440.00 of the following fees requested by Tilem, which were

18             incurred before the Tilem Period.

19       3.    Directing the Ch. 11 Professionals to turn over to the Trustee the portions of

20             retainers held by them that exceed their allowed fees and expenses;

21       4.    Prohibiting payment of fees and reimbursement of expenses requested by

22             the Ch. 11 Professionals until after the Trustee has liquidated all assets and

23             the Court has determined final Chapter 7 administrative claims in this case.

24  DATED:  May 15, 2008·                    **Sulmeyer**Kupetz, A Professional Corporation

25

26                        By:  _____

27                             Marcus A. Tompkins
                             Attorneys for Elissa D. Miller, Chapter 7 Trustee

28

## DECLARATION OF MARCUS A. TOMPKINS

I, Marcus A. Tompkins, declare as follows:

1.       I am an individual over the age of eighteen, and I am an attorney licensed to practice law in the State of California and admitted to practice in the United States District Court for the Central District of California.  I am an associate of Sulmeyer Kupetz, a Professional Corporation, attorneys of record for Elissa D. Miller, Chapter 7 trustee of the bankruptcy estate of Yi Ru Jennifer Pai (the "Trustee").

2.       Except as otherwise indicated, all statements made herein are based on my personal knowledge or my review of relevant documents.  If called to testify as a witness in this matter, I could and would competently testify under oath to the truth of the statements set forth herein.

3.       I make this declaration in support of the attached Trustee's Opposition to Final Fee Applications of:  (1) Steven A. Schwaber Of The Law Offices Of Steven A. Schwaber; (2) Law Offices Of David A. Tilem; & (3) Chang Mattern LLP (the "Opposition").

4.       On June 18, 2007 (the "Petition Date"), Yi Ru Jennifer Pai (the "Debtor") filed a Chapter 11 petition, commencing the instant bankruptcy case.  The Debtor retained the Ch. 11 Professionals to represent her as a Chapter 11 debtor in possession, prior to appointment of the Trustee, which appointment was approved by Court order entered on December 28, 2008.

5.       Attached hereto as **Exhibit 1** is a true and correct copy of the order entered on October 5, 2007, authorizing the Debtor to employ Steven A. Schwaber of the Law Offices of Steven A. Schwaber ("Schwaber") as attorney (general bankruptcy counsel). Attached hereto as **Exhibit 2** is a true and correct copy of the order entered on October 10, 2007, authorizing Schwaber to withdraw as the Debtor's attorney.

6.       Attached hereto as **Exhibit 3** is a true and correct copy of order entered on April 9, 2008, authorizing the Debtor to employ Law Offices of David A. Tilem ("Tilem").

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

7.    Although the Trustee has liquidated one asset in this case (real property), the Trustee is currently in the process of administering additional assets, and the case is far from over.  Since the amount of total assets and the amount of Chapter 7 administrative claims in this case has yet to be determined, the amount of funds that will ultimately be available to pay the Ch. 11 Professionals is currently unknown.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 15, 2008, at Los Angeles, California.

Marcus A. Tompkins

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**EXHIBIT 1**





# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

In re

YI RU JENNIFER PAI,

            Debtor.

BK. No. LA 07–15062 VZ
Chapter 11

ORDER AUTHORIZING DEBTOR–IN–
POSSESSION TO EMPLOY STEVEN A.
SCHWABER AND THE LAW OFFICES OF
STEVEN A. SCHWABER [11 U.S.C. § 327]

Date: August 21, 2007
Time: 11:00 a.m.
Ctrm: 1368
        Roybal Federal Building
        255 E. Temple Street
        Los Angeles, CA 90012

A hearing was held on August 21, 2007 on an Application ("Application") to Employ
Steven A. Schwaber and the Law Offices of Steven A. Schwaber ("Professional") as Counsel
for Yi Ru Jennifer Pai ("Debtor and Debtor-in-Possession). Having considered the Application
I find that the Professional does not hold or represent an interest adverse to the estate, is
disinterested, and is qualified to represent or assist Debtor in Carrying out its duties as a trustee
under 11 U.S.C. §§ 1107 and 1106. Based upon the foregoing,

**IT IS ORDERED** that Debtor is authorized to employ Professional effective June 18,
2007 on the terms and conditions disclosed in the Application as may have been modified at the
hearing with the following exceptions – PROFESSIONAL IS NOT AUTHORIZED TO USE
THE PROCEDURE SET FORTH IN THE U.S. TRUSTEE "EMPLOYMENT GUIDE;"

**IT IS FURTHER ORDERED** that Professional shall deposit and maintain any advance fee
payment received from Debtor or any other party in a client trust fund account until Professional
obtains an order authorizing its compensation and reimbursement for expenses advanced by
Professional pursuant to 11 U.S.C. §§ 330 and 331;

**IT IS FINALLY ORDERED** that Professional's request for authority to seek interim
compensation on a monthly basis under 11 U.S.C. 331 is granted upon the following conditions:

D20C.DISMISS.180DAY.RESTRICTION                                    (Rev. 10/07 )

**8**

a.      Professional shall file with the Court and submit a "Filed" date stamped courtesy copy to chambers, and serve upon Debtor, the United States Trustee, all creditors with a security interest in cash collateral of the Debtor, and the holders of the 20 largest unsecured claims and, if appointed, all official committees, its monthly application for order authorizing compensation and reimbursement of expenses (the "Monthly Application") and a written notice explaining that the parties served with the Monthly Application have ten (10) days from the date of service to file with the court, submit a "Filed" stamped courtesy copy to chambers and serve on the Professional any objections to the Monthly Application and a request for a hearing on it;

b.      The Monthly Application shall include:

(1) billing statements of services provided and expenses advanced with summaries of each detailing which professional provided the services, the legal rate at which the Professional's services were billed, and as to expenses, the total number of expenses advanced by category and the per unit cost of those expenses; and

(2) a declaration or affidavit authenticating the billing and expense statements and summaries;

(3) if Professional receives no objections and requests for hearing within 10 days of the date of service of the Monthly Application, Professional shall then lodge an order with the Court. Attached to the lodged order will be a declaration establishing that there were no objections and requests for a hearing, a copy of the Monthly Application, and a copy of the proof of service regarding the Monthly Application; and

(4) after the earlier of four monthly applications having been heard and granted or denied, or the exhaustion of advance fee payment, the Professional shall request a hearing on a motion for an order approving its interim compensation and reimbursement of expenses pursuant to Local Bankruptcy Rule 2016-1/

**DATED:** _10 (4/07_

_____
VINCENT P. ZURZOLO
United States Bankruptcy Judge

D2OC.DISMISS.180DAY.RESTRICTION                                    (Rev. 10/07 )

2

**9**

## NOTICE OF ENTRY OF ORDER AND CERTIFICATE OF MAILING

I certify that this order was entered on ____OCT 05 2007____.

I also certify that a copy of this notice and order were delivered as indicated below on ____OCT 05 2007____

**SERVED ELECTRONICALLY**

U.S. Trustee
Office of the United States Trustee
Ernst & Young Plaza
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

Attorneys for Debtor
Steven A. Schwaber
Law Offices of Steven A. Schwaber
2600 Mission Street, Suite 100
San Marino, CA 91108

**SERVED BY U.S. MAIL**

Debtor
Yi Ru Jennifer Pai
27108 Diamondhead Lane
Rancho Palos Verdes, CA 90275

**JON D. CERETTO**
Clerk of the United States Bankruptcy Court

Dated: OCT 05 2007

By: _____
                    Deputy Clerk

D20C.DISMISS.180DAY.RESTRICTION                    (Rev. 10/07 )

10

**EXHIBIT 2**

1  │ LAW OFFICES OF STEVEN A. SCHWABER
   │ 2600 Mission Street
2  │ Suite 100
   │ San Marino, CA  91108
3  │
   │ Telephone (626) 404-5600
4  │ Facsimile (626) 403-4691
   │ Email    steve@schwaberlaw.com
5  │
6  │ Attorneys for Debtor

FILED & ENTERED

OCT 10 2007

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY johnson  DEPUTY CLERK

7  │              UNITED STATES BANKRUPTCY COURT

8  │               CENTRAL DISTRICT OF CALIFORNIA

9  │                  LOS ANGELES DIVISION

10 │

11 │ In re                           )  Case No. LA 07-15062 VZ
                                     )
12 │                                 )
                                     )  Chapter 11
13 │                                 )
                                     )
14 │     YI RU JENNIFER PAI          )  **ORDER GRANTING MOTION OF STEVEN
                                     )  A. SCHWABER TO WITHDRAW AS
15 │                                 )  COUNSEL FOR THE ESTATE** (Effective
                                     )  November 23, 2007)
16 │                                 )
                                     )  DATE: October 2, 2007
17 │                                 )  TIME: 11:00 a.m.
                                     )  CTRM: 1368
18 │              Debtor             )        255 East Temple Street
                                     )        13th Floor
19 │                                 )        Los Angeles, CA 90012
                                     )
20 │ ─────────────────────────────── )

21 │

22 │      The MOTION OF STEVEN A. SCHWABER TO WITHDRAW AS COUNSEL

23 │ FOR THE ESTATE came on regularly for hearing on October 2, 2007, at

24 │ 11:00 a.m. in Courtroom 1368 of the Bankruptcy Court located at 255

25 │ East Temple Street, 13th Floor, Los Angeles, CA  90012. STEVEN A.

26 │ SCHWABER appeared for himself as the Movant, and there were no other

27 │ appearances.  There was no opposition to the motion.  The Court

28 │ having read the moving papers and considered the comments of Movant

1   at the hearing on the motion, and good cause therefor appearing,

2      IT IS HEREBY ORDERED that said Motion is GRANTED in its

3   entirety, the withdrawal as counsel for the Debtor and the estate to

4   be effective as of the close of business on November 23, 2007.

6                             ####

27   DATED: October 10, 2007         _____

                             United States Bankruptcy Judge

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2600 Mission Street, Suite 100, San Marino, CA 91108.

    On October 10, 2007, I served the foregoing document described as ORDER GRANTING MOTION OF STEVEN A. SCHWABER TO WITHDRAW AS COUNSEL FOR THE ESTATE on the interested parties in this action:

\_\_\_\_    by placing the true copies thereof enclosed in the United States mail addressed as:

      See Attached List

\_\_\_    BY MAIL

    \_\_ I deposited such copies in the mail at San Marino, CA.  The envelope was mailed with postage thereon fully prepaid.

    \_\_ As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Marino, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

\_\_\_\_    BY FEDERAL EXPRESS

    \_\_ I deposited such envelope in the Federal Express drop at 2600 Mission Street, San Marino, California.  The envelope was sent with fees thereon fully prepaid.

    \_\_ As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for Federal Express.  Under that practice it would be deposited with the Federal Express drop at 2600 Mission Street, San Marino, California on that same day with fees thereon fully prepaid in the ordinary course of business.

 X    By confirmed facsimile transmission to: Office of the United States Trustee at (213) 894-2603 and to Yi Ru Jennifer Pai at (213) 680-9033.

 X    (Federal) I declare that I am a member of the bar of this court.

Executed on October 10, 2007 at San Marino, California.

STEVEN A. SCHWABER               /s/ Steven A. Schwaber

       Type or Print Name                Signature

1

## SERVICE LIST FOR ENTERED ORDER

2

### SERVED ELECTRONICALLY

3

### U.S. Trustee
Office of the U.S. Trustee

4

725 S. Figueroa St., 26th Floor

5

Los Angeles, CA 90017

6

### Attorneys for Debtor
Steven A. Schwaber

7

LAW OFFICES OF STEVEN A. SCHWABER
2600 Mission Street, Suite 100

8

San Marino, CA  91108

9

### SERVED BY U.S. MAIL

10

### Debtor

11

Yi Ru Jennifer Pai

12

27108 Diamondhead Lane
Rancho Palos Verdes, CA 90275

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 3**

David A. Tilem (Bar No. 103825)
Law Offices of David A. Tilem
206 N. Jackson Street, Suite 201
Glendale, CA 9120
(818) 507-6000
(818) 507-6800

Attorneys for Debtor

FILED & ENTERED

APR 09 2008

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Johnson  DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:07-15062-VZ |
| | **ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO EMPLOY COUNSEL FROM DECEMBER 3, 2007 THROUGH DECEMBER 27, 2007** |
| **YI RU JENNIFER PAI,** | |
| Debtor. | Date: January 8, 2008<br>Time: 10:00 am<br>Ctrm: 1368 |

The Debtor-in-Possession filed a motion for leave to employ counsel.  There was no opposition filed so no hearing was required.  After consideration of the motion and good cause appearing therefore: **IT IS HEREBY ORDERED:**

The Debtor-in-Possession is authorized to employ the Law Offices of David A. Tilem for the period commencing December 3, 2007 and ending December 27, 2007.

DATED: April 9, 2008

_____
United States Bankruptcy Judge

**15**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 206 N. Jackson St., Suite 201, Glendale, California 91206.

On April 4, 2008 I served the foregoing document described as:

**ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO EMPLOY COUNSEL FROM DECEMBER 3, 2007 THROUGH DECEMBER 27,2007**

on the interested parties in this action by placing a true copy thereof addressed as follows:

Dare Law
United States Trustee
725 S. Figueroa Street, 26th Fl
Los Angeles, CA 90017

[X] **(BY MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Glendale, California.

[ ] **(BY FACSIMILE TRANSMISSION)** I caused such document to be sent by automatic facsimile transmission to the following telephone numbers:( see attached list) and confirmation that the transmission was received.

Executed on April 4, 2008, at Glendale, California.

[ ] **(State)**  I declare that under penalty of perjury under the laws of the State of California that the above is true and correct.

[x] **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Lorena Aguirre
Lorena Aguirre

**16**

**SERVICE LIST FOR ENTERED ORDER**

<u>SERVED ELECTRONICALLY</u>                                    <u>SERVED BY U.S. MAIL</u>

Dare Law                                        <u>DEBTOR</u>
United States Trustee                    Jennifer Pai
725 S. Figueroa Street, 26th Fl    131 S. San Pedro Street
Los Angeles, CA 90017                    Los Angeles, CA 90012

<u>Attorney for Debtor</u>
David A. Tilem
Law Offices of David A. Tilem
206 N. Jackson Street, Suite
201
Glendale, CA 91206


Steven A. Schwaber
2600 Mission Street, Suite 100
San Marino, CA 91108


Downey Savings and Loan
Association
c/o Joey DeLeon, Esq.
3501 Jamboree Road
North Tower, 5th Fl.
Newport Beach, CA 92660


Elissa Miller
Marcus Tompkins
Sulmeyer Kupetz
333 S. Hope St., #3500
Los Angeles, CA 90071

**17**

1 · **PROOF OF SERVICE**

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3        At the time of service, I was over 18 years of age and **not a party to this action**. I
am employed in the County of Los Angeles, State of California. My business address is
4 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406.

5        On May 15, 2008, I served the following document(s) described as **TRUSTEE'S
LIMITED OPPOSITION TO FINAL FEE APPLICATIONS OF: 1) STEVEN A.**
6 **SCHWABER OF THE LAW OFFICES OF STEVEN A. SCHWABER; 2) LAW OFFICES**
**OF DAVID A. TILEM; & 3) CHANG MATTERN LLP** on the interested parties in this
7 action as follows:

8                    **SEE ATTACHED SERVICE LIST**

9 **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection
10 and mailing, following our ordinary business practices. I am readily familiar with
SulmeyerKupetz's practice for collecting and processing correspondence for mailing. On
11 the same day that the correspondence is placed for collection and mailing, it is deposited
in the ordinary course of business with the United States Postal Service, in a sealed
12 envelope with postage fully prepaid.

13        I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct and that I am employed in the office of a member of
14 the bar of this Court at whose direction the service was made.

15        Executed on May 15, 2008, at Los Angeles, California.

16

17                                        _____
                                         Maria R. Viramontes
18

19

20

21

22

23

24

25

26

27

28

[MAT\BANKR\519924.2 5/15/2008 (4:29 PM)]                    1

1

# SERVICE LIST

2

3    **Debtor's (Current) Attorney**
     John P. Kreis, Esq.
4    350 S. Grand Ave., Ste. 1520
     Los Angeles, CA 90071-3471
5
     **Office of the United States Trustee**
6    Ernst & Young Plaza
     725 South Figueroa Street
7    26th Floor
     Los Angeles, CA  90017
8
     **Interested Parties**
9    Steven A. Schwaber, Esq.
     Law Offices of Steven A. Schwaber
10   2600 Mission Street, Suite 100
     San Marino, CA  91108
11
     Law Offices of David Tilem
12   Attn:  David Tilem, Esq.
     206 N. Jackson St., Suite 201
13   Glendale, CA  91206
14   Chang Mattern LLP
     Attn:  Stephen H. Mattern, Esq.
15   80 S. Lake Avenue, Suite 600
     Pasadena, CA  91101
16

17

18

19

20

21

22

23

24

25

26

27

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[MAT\BANKR\519924.2 5/15/2008 (4:29 PM)]                                          2